Davis, J.
The Eldridge & Higgins Company filed its petition in the court of common pleas, complaining, after formal averments, of Robert Crooks & Company, as follows:
“That the said defendant is indebted to the plaintiff in the sum of $1,012.56, which indebtedness was created and arose in the following manner, to-wit:
“On the 20th day of March, 1896, the'said plaintiff paid to the said, defendant the sum of $912.56 for 187 bags of granulated sugar containing 100 pounds each, and also $100.00 for freight and other expenses connected with the sale and delivery of said sugar.
‘“The said plaintiff further says, that the said 187 bags of sugar, when delivered to the plaintiff, was not as represented and did not correspond to the sample by which the plaintiff was induced to purchase the said sugar, and from which the said sale was made. The said sugar was also unmerchantable and unmarketable and unfit for use, and did not correspond to the sample exhibited to the plaintiff at the time of the purchase of the same.
“Wherefore, the plaintiff says, that there was no consideration for the payment of the said sum of $1,012.56, and the said plaintiff is entitled to recover the said sum of $1,012.56 from the said defendant.
*202 “Wherefore, the plaintiff prays judgment against the said defendant for the said sum of $1,012.56, and its costs herein expended.”
The answer was a general denial.
The relief sought in this petition was not the recovery of damages, and the petition does not state facts sufficient to constitute a cause of action for damages. The contract between the parties is not set out, nor is the precise nature of the representations or warranty by the defendants, if any, alleged, nor the breach thereof. Professedly the action is for the recovery of the purchase money paid for 187 bags of granulated sugar, and the basis of the plaintiff’s claim is that the sugar was “unfit for use,” that is, of no value, and “that there was no consideration” for the payment of the money sought to be recovered. To sustain a recovery for the plaintiff under this petition, the plaintiff must show that the sugar was entirely worthless. If the sugar was proven to have any value whatever, the plaintiff could not recover the price paid for it without rescinding and averring and proving that it made, or offered to make, restitution of the entire lot of sugar purchased, within a reasonable time. 19 Encyclopaedia PI. and Prac., 71. There was no such allegation in this petition, and the proof was that the lot of sugar purchased was 250 bags, instead of 187 bags, and if any offer to return was ever made it was for no more than 187 bags. As there was no amendment or suggestion of amendment before or after verdict, .by far the largest part of the evidence embodied in the record was incompetent, under the issues. The trial court seems to have, in part, comprehended this, when the jury were instructed that “the plaintiff can only recover, if at all, upon proof of the special matters alleged in the petition. He can *203 not recover in this action upon any matters which are outside of the special matters alleged in the petition.” And yet the court, not only did permit testimony to be given upon matters outside of the special matters alleged in the petition, but, without ordering an. amendment of the petition, still further instructed the jury that if satisfied, of the truth of the facts set forth by the plaintiff in its petition by a preponderance of evidence, “the amount of its recovery should be such amount as the evidence shows plaintiff paid the defendant for said 187 bags of sugar, and the expense incurred in connection therewith, not to exceed the sum of $1,012,56, less the value, if the evidence shows there is any value, of the 187 bags of sugar, now in plaintiff’s possession.” This charge is distinctly broader than the claim set forth in the petition. Under the petition the plaintiff could only recover the price paid for the sugar* if the sugar was proved to be worth nothing; but under the charge, the plaintiff might recover the difference between the contract price for the sugar and expense incurred in connection therewith, and its actual value, not to exceed $1,012.56, that is, general damages, being the difference between the contract price and the actual value of the sugar, and special damages, being the expense incurred in connection with the sugar. This charge was not applicable to the case made in the pleadings. It is evident that the jury made up their verdict upon the measure of damages thus given to them by the court; for if they had found that the sugar was of no value at all their verdict must have been for the plaintiff for the full amount paid for the sugar, which it was not. But having found that the sugar had some value the jury must *204 necessarily have: found for the defendant under the issues as made up and not amended. The court, however, required the jury to return a verdict for damages which were not claimed in the petition. In fact the common pleas court seems to have tried this case on the theory that it was a case for damages, although the jury were emphatically instructed that the plaintiff could recover only upon the special matters alleged in the petition. In this we think there was substantial and prejudicial error.
It may be added that this instruction did not give to the" jury the true rule of damages. If the jury should have been instructed to compute damages at all, under the pleadings in this case, the measure of damages would be the difference between the value as represented and the actual value of the sugar, together with any special damages which might be alleged and proven. The measure of damages given by the court was the difference between the contract price and the actual value of the sugar, not to exceed the entire purchase price, and freight paid, which freight was claimed in the petition, but not distinctly and properly alleged as special damages.
The judgment of the court of common pleas and the judgment of the circuit court affirming it are

Reversed.

Shauck, Spear and Burkbt, JJ., concur. Min shall, C. J., being absent, did not sit in the case.